All right our third case is number 17-13751 Ron Goins v. Carnival Corporation and Mr. Hayashi whenever you're ready. Well the style of the case has everyone who was initially listed and the formal one I have has both Carnival and Royal Caribbean but Royal Caribbean listed second. That might have been a transmission error from the district court docket sheet but that's what I have. We'll make sure we have it right by the time we decide the case. Yes thank thank you. Is there one appellee or two? There's a one appellee. Yeah which is Royal Caribbean. Yes Carnival is listed but they're not an appellee. Yes I think I know what what happened. Is that right? No Carnival is not an appellee. Yes I think it's because I think it's because the initial complaint had incorrectly listed Carnival and I believe that was the reason the complaint was amended the first time. Okay right the the problem it's not a problem for anybody but when we get docket sheets in the style of the case they remain as they were in the district court even if the parties are different so it may not reflect the actual reality of who's before us but go right ahead. Yes may it please the court. Good morning Judge Jordan, Judge Grant, Judge Hall. My name is Matthias Hayashi and I represent the plaintiff and appellant Mr. Ronald Goines. So this appeal is about a case where a cruise ship passenger Mr. Goines was injured when he was of the seas. He was injured because of the negligent operation of the quest game and because of that because they didn't enforce their own safety rules because they didn't have proper rules regarding safe footwear for the game he fell down a flight of stairs that had inadequate heights riser heights and tread depths and inadequate an inadequate hand and he fell all the way down to the stage where he dislocated a shoulder and tore it. But all all of those things that you mentioned Mr. Hayashi not all of those are causally related to the injury viewing the evidence on light most favorable to your client as I understand the record and maybe I don't have it right he was injured when he was coming out of his row and the flip-flop he was wearing caught on one of the armrests of one of the chairs toward the end of that row and that's when he fell and that's when he was injured right? Well correct your honor his fall started when his flip-flop caught the armrest on a seat in the front row as he was leaving his row but his injury didn't actually complete until he had fallen all the way down the stairs so his his injury happens sequentially a bit later after his flip-flop initially catches the armrest at that point he stumbles down the stairs he can't catch his balance there's no handrail for him to hold on to and then he falls to the stage below and he dislocates his shoulder and he suffers a full thickness torn rotator cuff. Your third party complaint is what we're here on right? Yes the third amended complaint absolutely Judge Hall. Yes and you you filed a fourth amendment complaint that the district court denied because it was late and you didn't appeal any abuse of discretion as to the fourth amendment complaint have I got that right? That that's correct your honor. All right so I'm going to go to the third amended complaint that outlines 19 acts of negligence is that correct it's very specific? Correct your honor. Is that right and part of what Judge Williams did here she said the footwear claim um which actually you put in your fourth amendment complaint and the um failure to enforce the rules it wasn't a matter they didn't have rules they had rules they said don't run don't do this blah blah but they weren't enforcing them because people were still running the failure to enforce the rules and not having a rule that you can't wear flip flops you must have other types of shoes the district court for better or worse said that's not in the case um and and it's in it's identified in the fourth amendment complaint but it's not in the third amendment right now how did the district court err because you you stand up and you start out with it's a flip-flop not safe footwear situation and did not enforce the rules of no running that kind of thing how do we even have those claims so well judge she didn't let him go to the jury right uh not those claims your honor yes okay well well um your honor the third royal caribbean encouraged its passengers to rush and as a result mr goines caught his foot on an armrest and fell down the flight of stairs and it's important to note that one does not just catch one's foot typically if one has bare feet so it's clear that he's catching his foot on his footwear in this case that's sandals but mr goines in no unequivocal terms pled that royal caribbean encourages passengers to rush and later in his section on why royal caribbean was negligent um how it breached its duty of care to him he alleged he said he didn't run and that's correct um judge jordan he did not run well how can there be a again going back to the earlier question how i understand some of the theories you've pled but it seems to me that as to at least some of them there isn't a causal connection between the alleged breach and the injury that your client suffered if if you say that they didn't enforce their rule against running but he didn't run and he wasn't injured by someone who was running how can that be causal in nature because um your honor the rules were not just limited to not running if this was just limited to not running um then i i'm talking about i know there were a lot of rules i'm not mentioning all of them i'm not trying to group them all into one category but you mentioned running and i'm i'm suggesting from my perspective that on at least some of the things that you allege were negligent there isn't a causal connection running may be one of them am i wrong about that you're not wrong your honor running is not one of the issues that we're appealing on okay we're appealing on rushing which could also be understood as hurrying or scurrying same thing if he didn't run how can there be a causal connection between them not enforcing that safety rule and his injury if he walked to the end of the well where are you well he he did rush your honor and then this is actually one of the core issues in this appeal he set out very clearly in his first amended um in his first affidavit that he was um that he was in a hurried state but he explained it was physically impossible for him to run as he was exiting a seating row one of his um allegations was that the seats were too close together that case didn't survive the summary judgment motion we're not appealing that but the fact of the matter is he's in cramped seating and he's shuffling his feet he's trying to get out of his seating row he's trying to get out as fast as he can but he's physically incapable of running and that's what the issue is when he was asked if he was rushing at his deposition he interpreted that to mean running or something more to that kin like bolting out of his seat he's moving in a hurried state and that affects his ability to perceive his surroundings that affects his ability to watch himself as he's exiting the seating room and as his flip-flop ultimately catches he's but he's asked at his deposition this page 93 of his deposition okay at the time of the incident were you rushing no that's not a question about running it's a question about rushing he says no so how can the affidavit not be contradictory the affidavit may appear to have a contradiction but this is why the sham affidavit rule has a very important component it actually has two very important components one is that the affidavit contradict the testimony without explanation and the other requirement is that the affidavit um be an inherent contradiction meaning that there's there's no there's absolutely no other explanation and both of those to the jury though all of this anyway well he testified to the jury your honor i mean the jury heard all this that they were all running and they were doing this and the atmosphere was such that even though they played the video don't run right well actually they play the video don't run they did play the video your honor okay that they warn you but he testified i know he says well i thought rushing was this but i really was hurrying i didn't realize rushing and running was hurrying that's how he got around it is that right yes your honor and it it's important to note so he claimed he was hurrying before the jury to get out of the seat yes he clearly claimed this both on direct and on cross but you're not appealing any issues arising from the trial as i understand your brief right um correct because we weren't allowed to make um the arguments about the manner that the question your your claim is that generally speaking i'm not breaking it down into specific components but your claim generally is that through various orders and statements the district court winnowed your case into the case different than the one that you pled and the one that you wanted to try and that was effectively a partial grant of summary judgment and that's where the district court went wrong that's exactly what happened your honor and but as to the specific things that went to trial right the few things that went to trial that you were allowed to argue you're not appealing those we're not appealing the issues that we were allowed to bring before the jury about it all right so say what was the claim and i think you started out with it the first two things you said the error was and not letting you argue to uh make a claim to the jury that they failed to enforce their safety rules that was the claim well that they didn't have safety rules but they failed to enforce it and if i'm not stating that right tell me what the claim is you say that was improperly windowed down that's a good way to put it well that is the main claim your honor okay failure to enforce the safety rules correct and then the other one i thought i heard you start with was failure to warn that you shouldn't wear flip-flops and failure to require that you have regular tied shoes or better shoes correct shoe claim failure to not have hurrying they should have a rule that you are not allowed to wear flip-flops correct your honor that was what i understood your claim and that's what i understood judge williams said we're not doing a flip-flop case because it's not in the complaint and you said no it's in the complaint and i forgot the subparagraph i know you said no it's there tell me what subparagraph you say the flip-flop county is there it's actually in the um in the third amendment complaint yes in the description of the incident paragraph nine no i i got that i know it's in the factual allegations but you make um duties owed in the negligence count you say here's how you breached it i know you made facts but when you go to the breach where do you say the breach is okay so are we talking both about the uh footwear now and the um rushing the passengers we're talking about the footworth first okay your honor so 12 what subsection uh so on it's 12 subsection g um wait a minute actually uh excuse me um if i may have one moment certainly i've got it in my notes i can go back and look but i thought you might yes um excuse me it's a 12 subsection subsection o through employing seats that were unreasonably and dangerously close together without adequate safeguards to prevent incidents such as the one judge williams said when you start getting into flip-flops the out of your o is not a flip-flop adequate articulation of flip-flops by saying you can't wear so always the flip-flop now tell me where the failure to enforce the rules are well that's even more clear your honor which subparagraph is that paragraph uh 12 subparagraph q q that unreasonable rushing the game participants okay now tell me about where you think the district court erred with regards to the obvious and open doctrine what does that potentially apply to and what do you think it doesn't apply to okay the the first and most important way that we believe the honorable judge williams erred in um applying the open and obvious doctrine is that she appears to have interpreted this claim as a failure to warn claim and granted if this was just a failure to warn claim this would be much more difficult for mr goines because the quest game is something that he does see going on in front of him but this is not actually a failure to warn claim in fact the safety video did explain what the rules were but the problem is again royal caribbean never enforced its rules royal caribbean tells its passengers in essence that they're looking out for their safety but then they don't do anything in this regard creates a false sense of security it creates an atmosphere where as mr goines explained had he already run down before and so they knew he was gonna run so they didn't enforce it he hadn't run down before right no you're saying that before he moved however he moved and fell there was somebody else does he say how many people had done it and they didn't make them stop or something he doesn't give an exact number but he does say that he see he saw people running down um the stairs and he saw a woman a jump over the guardrail and to get to the stage below so the issue here so if they had stopped and criticized those people he would have been less likely to do what he did run is that what he's saying exactly your honor and he made that clear in his affidavit he thought that because they weren't he believed that this was appropriate behavior what was the need to rush or hurry the need to rush or hurry um judge jordan is um that the passengers will win points for their team if they come down to the stage with the item or the physical characteristic that the um the cruise director who acts as the mc calls out for basically they're all divided up into teams all the passengers that are there um in studio b where the game's held and if you're a part of a team that the mc calls for uh one of these characteristics and you come there first you're awarded the most points and so forth and so forth the last year there you win any points okay thank you very much you saved your time for rebuttal thank you thank you your honor mr friedman good morning and may it please the court darren friedman on behalf of the defendant royal caribbean none of the issues that have been raised on appeal rise to the level of reversible error nothing here warrants taking the decision of the jury away from the jury and remanding for a new trial the issues that have been raised are either harmless or concern orders that were never actually made but are something that's being surmised or as as judge jordan as as you noted deal with issues that have no causal relationship to the injury that actually occurred those are the issues that are before you on the appeal and none of them rise to the level of taking the decision away the verdict away from the jury the trial itself occurred on a very narrow issue as judge williams interpreted the pleadings based upon the the fourth version of the complaint that was actually being tried there was a complaint a first amendment a second amended a third amendment we were in the fourth version and judge williams after the dalbert rulings which struck some of plaintiff's expert mark young's opinions judge williams determined in denying summary judgment because one might be left with the impression from the appeal that summary judgment was granted it wasn't it was denied in full but judge williams ruled that the only issue left was this narrow issue of whether or not the defendant created a dangerous condition by allowing this game to be in this venue of course our position at that time and i think would be the position of this court today post the pazino decision is that this case probably should have never gone to trial at all because you can't go to a trial on the basis of creation of a dangerous condition there needs to be notice established but judge williams ruled based upon the rocky decision not always not always that that is true not always there are always exceptions but she ruled based upon rocky this was a static condition this wasn't like uh water on the floor she said this is static why do you have people do the game with steps at all just do it on a flat plane do it some other situation correct more rooms between the seats i actually thought they did pretty good to get her to go to the jury on a pretty broad just creating this game and this venue is a recipe for disaster and that is the question that's what they argued to the jury and i actually think that had some force to it and that allowed people in this thing and have them do this game with no handrails i thought the handrail claim they tried was pretty good about the venue at least have handrails if you have the steps and potentially the judge agreed with you because she did allow this she denied summary judgment and allowed to go to the jury and the jury found for the defense the only question here is whether or not there was some error in those rulings in allowing the case to go forward as it did and as i read the issues here there is no error there is no cause to reverse that decision of the jury that narrow issue was this combination of factors this individual either rushing or not rushing catching a foot on a handrail then falling into a stairwell this which was potentially not slip resistant enough slipping continuing to fall not being able to grasp onto a handrail to arrest his fall and then landing this was these this combination effect which was allowed to go to the jury which the jury decided there was no liability on the part of rural caribbean and whether arguments were excluded from the court because there was no factual question or because and the judge ruled as a matter of law or whether it was a relevance order in the end the result was correct and that's why all of these issues are harmless and the decision should be upheld the case was tried based upon the pleadings that were in front of the court which was this third amended complaint which judge hull as you noted does not have these specific allegations concerning footwear which they attempted to amend in the fourth amendment amended complaint which came after the discovery deadline so even if if the results should be upheld just to briefly touch upon some of the other issues the affidavit the issue concerning the affidavit again another instance where it's really harmless because the judge denied the summary judgment motion so whether or not she took it into account or not it didn't impact the ruling similar with the argument concerning prior incidents because the motion was denied it did not affect the judge's ruling what we have here is a case that went to trial the jury was allowed to reach a verdict and they ruled for the defendant and unless this court has any other questions for us we'll rest upon the pleadings and ask that the decision be affirmed i have a question for you yes there are as i think judge hall counted them um 18 19 alleged instances of negligence in the third amended complaint how many of those were tried well i don't know that i could say that they were each individually tried what was tried was this question of whether or not the defendant created a dangerous condition by playing this game in this arena well my point is that a lot of those 19 don't go to that issue they are separate from that issue and that's their argument i think i don't know whether at the end at the end of the day it'll win out but their argument is that by the time the case got to trial a lot of their contention specific contentions about negligence had been improperly discarded and they weren't allowed to proceed on them right and and i do agree that the record is not as clear as i would like it to be and and that's why it isn't necessarily clear whether the judge found there were no questions of material fact and she was ruling as a matter of law or she simply felt that some of these issues were irrelevant but at the time of the trial what did you move for summary judgment on everything everything but i mean she denied it on everything right right that's that's that's where i there's some dissonance for me and i if you had moved for summary judgment let's say on four out of the 10 claims pled then obviously you know that that's what everybody's zeroing in on and you're not going to try to get summary judgment on the others but if you move for summary judgment on everything and summary judgment is denied on everything isn't the result that everything gets tried well if you look at the actual separate allegations they're not all necessarily distinct from each other well some well let's start sure and i'm not sure that this matters to mr goines given the way he was injured but failure to drain to allow for proper drainage of liquids from the area was that tried no and and again we are looking into what perhaps her reasoning was but there was no evidence that there was any liquid on the ground that was the actual evidence so that's why i'm saying some of this may have been simply relevance because there was no evidence presented that any of these conditions existed there was no argument made or no evidence put forward that there was any kind of liquid on the ground that the individual slipped on failure to warn passengers about the dangers posed by the unreasonably and dangerously close together seats by employed by defendant now that argument that argument wasn't tried because the expert opinions mark young his opinion on that was struck pursuant to the dalbert ruling and that was mentioned in the summary judgment order okay unreasonably rushing the game participants was that tried that sort of was tried because the individual mr goines was allowed to testify about rushing and he gave testimony to the jury that he was rushing not was the jury instructed on that a specific basis for finding liability that if that if royal caribbean encouraged his game participants to rush it could be found negligent as long as there was a causal with the injury or not no there was not a specific well how did they how did the issue get tried well people testify about things all the time but if the jury's not not told to rule on them or decide on them how did they get tried or the general instruction that went to the jury was whether or not there was a failure to use reasonable care under the circumstances that's it no more specificity than that i would have to check the exact jury instruction i would also say that that specific issue is not on appeal here i know i'm asking for my own edification no i don't i do not believe there was a more specific instruction going through each of these 19 and saying these are all the different ways that the jury could find that there was a failure to use reasonable care simply the question of whether or not there was a failure to use reasonable care whether or not the defendant was negligent and that was the cause of injury anything else for him okay mr freeman thank you very much thank you miss rayachi before you start at some point during your remaining five minutes if you could tell me what sort of a jury instruction you requested on what theories in the district court that might help figure out what the jury was given and what the jury wasn't given absolutely your honor in no uncertain terms we requested that the jury be instructed that one of the ways that royal caribbean breaches duty of care to mr goines was by failing to enforce its own safety rules that's essentially the exact wording of what we sought to allow the and the district court didn't give that instruction she did not because because her was encompassed with the general instruction or because she forbid you from making that argument to the jury well she was actually very clear that we did not the only she made it very clear the only claim that was going to be going to the jury was that royal caribbean was negligent for hosting that we got but that is not the same thing as failing to enforce its own safety rules and so that that's why you started out with that claim to begin with when you first stood up absolutely that's the claim that you wanted was they were not enforcing their own safety rules absolutely judge hall and her ruling for better or worse and that's what we got to look at was that's not in the complaint that was not one of the 19 acts that you allege failure to enforce the safety rules well um your honor that could be one of the reasons for her ruling but um actually in the fourth amendment complaint you put that in there failing to enforce the safety rules i personally don't think it's the most likely that she denied this because of the um complaint itself and the reason why is because there really was no dispute about this the defense in their motion for summary judgment actually split its open and obvious analysis into two parts one that had to do with the obviousness of the structural defects the alleged obviousness and one about the alleged obviousness of the quest game itself and how it was played and they actually cited to the case volman versus royal caribbean to say that there wasn't a claim for the way the quest game was played so they seem to have understood mr going just making a claim that royal caribbean was negligent for um the operation of the quest game there's really there i think royal caribbean brought this up in in their reply very briefly um very easy to miss and i think in their um reply in support of their motion and limine on the prior incidents but um they clearly understood we were making this claim that's why they moved to uh that's why they moved for summary judgment against it and i want to emphasize we were not allowed to perhaps introduce one of the most powerful pieces of evidence which is the cruise director who was acting as the mc in this case she testified in no uncertain terms that to her knowledge points were not deducted from running that completely flies on the face of the safety rules that they were showing to their passengers that completely is in line with how well how mr goines believes royal caribbean was negligent in the operation of the quest game but judge williams did not allow this evidence to come in and this did not allow him to tell the full side of his story and that is what this case is about it's not about what he tried in front of the jury it's about what he didn't try and that claim that they were not enforcing their own safety rules without being able to make that claim he was not able to explain his full side of the story how rural caribbean was negligent and he was deprived of his essentially his day in court and there's another important aspect to this too maybe equally as important he was not allowed to introduce evidence of prior incidents also very key to helping the jury understand why rural caribbean was negligent first the incident of miss kristin was practically on all fours of mr goines incident the only thing that wasn't in common was there was uncertainty about the physical location she was in there wasn't the same kind of evidence of structural defects but as to mr goines claim about the negligent operation at the bottom step she felt going off the bottom step well actually that was um miss uh cynthia smith um your honor miss kristen sika was she had sandals on wedge sandals yeah the platform um sandals she was hurrying out of her seating just like mr goines trying to uh be the first to bring an item to her boyfriend who was down in the stage area because that was called out for but um she tripped and she fell as she was leaving her seating the only difference is she didn't fall all the way down the testified that the um that rural caribbean was not enforcing its own safety rules she testified that that created this atmosphere where um everybody was rushing and hurrying like it was basically a free-for-all and that um the combination of all of these factors led to her incident i thought one of the things judge williams said about that or maybe the briefs say it that nobody that was on a different ship these three other people were on a different ship well yes your honor okay they weren't on this ship and nobody put in what the configuration of i'm not saying it's right or wrong i'm just trying to make sure i understand the record and nobody put into what the configuration of the venue was on the other ships that was the argument well right your honor because was there a testimony what the configuration was on the other ships no your where the quest game was held miss no your honor miss sika did not recall what the configuration of this arena was and i appreciate your candor you're still saying it doesn't matter it's relevant and should have come in right because our claim is that this is practically on all fours of mr guinn's claim that rural caribbean was negligent in the operation of the quest game including most importantly the failure to enforce its own safety rules which was the same thing that happened in mystique's case but i also want to emphasize that there was another important aspect that she was wearing this sandal um footwear which was also something that happened with ms cynthia smith who we presented the court an affidavit to that effect um that one was solely to show that rural caribbean was on notice that sandals were dangerous which is exactly what mr goines believes they should have had some rule to properly look out for his safety given that they said they made safety a priority go on our cruise and don't wear sandals or flip-flops oh well and particularly not when you're playing quest well not when you're playing a game especially put it up there especially in a game involving they needed to do hurrying your honor hurrying if it was just a spectator sport they can wear whatever they want but when they know of at least two other incidents where the passengers fall as a direct result of the footwear they're wearing i think rural caribbean at least should warn if not outright i think one of the ladies said she actually slipped out of her whole flip-flop it wasn't like it caught on she just stepped out of it correct that was miss uh cynthia smith right but we believe it still goes to the um dangerousness of the type of footwear that they wear she was coming down to the last step i've got a question related to the jury instructions on on the transcript of the conversation between counsel and judge williams right before closing arguments it says specifically plaintiff alleges that royal caribbean royal caribbean negligently created an unsafe and b and then it notes that counsel objected yesterday do you know what the do you know what the do you recall what the objection was to that language i do actually your honor so the day before um that's actually when judge williams was explaining that she was going to narrow the jury instruction down to just instructing the jury about the negligence based on um hosting the effectively not putting in details about um the uh um the life safety code in that case so um you know she wanted to make clear that we weren't waiving any kind of objections uh both in general and as the life safety code because essentially what she was doing was she was just whittling down um what the jury instruction going to be based on her prior rulings particularly her motion for summary judgment was the objection related to the life safety code or was it broader than that well we had been objecting all throughout trial that um we wanted to introduce uh this theory of negligent operation of the game show particularly um failure to enforce our safety rules which we believe also has a component with the um flip-flops because they um so they put safety first but um uh but in general judge williams was we wanted it to be clear that um williams was whittling the instructions down but we weren't waiving any objections and judge williams acknowledged that and in fact we raised a later objection on the following day um again and what what was the objection the following day yes the objection the following day was um when we were going over concurrent causation the instruction on concurrent causation the um the judge asked what our concurrent causation issue was and we made it clear that we believe that royal cribbing was negligent for um failing to enforce its safety rules and the operation of the quest game in general for the structural defects in studio b and for hosting the quest game in studio b but judge williams said well we know that the only issue that's going in front of the jury is the failure to or is the hosting of the quest game in studio b because it was a dangerous place to have this game that and that's true that was what she said correct okay but um they didn't need to have notice of it she didn't require any prior notice she just said per se hosting it you can go to the jury on this yes we could go to the jury on the no railings all the various problems there correct that was the aspect of the case we were allowed to try but we weren't able to go into how royal caribbean negligently operated the quest game itself and that's why we're here before your honor before all of you um because mr goines believes that uh that claim should be heard all right thank you very much we appreciate it thank you both we're in recess until tomorrow morning